[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13316

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS CARLOS MURILLO ASPRILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00380-SCB-AAS-2

_____

Before BRASHER, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Luis Carlos Murillo Asprilla appeals the district court's imposition of his 97-month total sentence for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, and one count of aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. He argues that the district court erred in refusing to reduce his offense level for playing a mitigating role in the offense conduct. Having read the parties' briefs and reviewed the record, we affirm Asprilla's 97-month sentence.

## I.

We review a district court's determination of a defendant's role in an offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). Clear error review requires that we be left with a definite and firm conviction that a mistake has been made. *United States v. Valois*, 915 F.3d 717, 731 (11th Cir. 2019).

## II.

Under U.S.S.G. § 3B1.2, a defendant's offense level is reduced by four levels if the defendant was a "minimal" participant in criminal activity, two levels if the defendant was a "minor"

participant, and three levels in "cases falling between" the two categories. U.S.S.G. § 3B1.2. In evaluating a defendant's role in an offense, the district court should consider (1) the defendant's role in the relevant conduct attributed to him, and (2) his role compared to that of the other participants in the defendant's relevant conduct. *De Varon*, 175 F.3d at 940. The district court "should look to other participants only to the extent that they are identifiable or discernible from the evidence." *Id.* at 944. Furthermore, "the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant." *Id.*

The determination of whether to apply a mitigating role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *United States v. Presendieu*, 880 F.3d 1228, 1249 (11th Cir. 2018) (quoting U.S.S.G. § 3B1.2 comment. (n.3(C))). District courts can consider drug quantity at sentencing, but this factor cannot be the only factor used to determine the sentence. *United States v. Cruickshank*, 837 F.3d 1182, 1194-95 (11th Cir. 2016). Ultimately, "[e]ven if a defendant played a lesser role than the other participants" in a conspiracy, "that fact does not entitle [him] to a role reduction since it is possible that none are minor or minimal participants." *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) (citation and quotation marks omitted).

## III.

A review of the record demonstrates that the district court did not clearly err in declining to apply a mitigation role reduction.

Asprilla, along with two co-defendants, were aboard a vessel in international waters south of Panama when a maritime patrol aircraft spotted them. The aircraft alerted the United States Coast Guard, and it launched a helicopter to intercept the vessel. The helicopter ordered the vessel to stop but it did not comply; rather, the vessel attempted to outrun the helicopter. The helicopter used disabling fire to incapacitate the vessel, and after this, members in the helicopter observed crew members throwing bales from the vessel into the ocean. The Coast Guard recovered 8 bales, which contained 187.3 kilograms of cocaine.

After his co-defendants debriefed the government and entered into plea agreements, Asprilla agreed to plead guilty to both counts without a written agreement. The probation officer grouped both offenses and assigned Asprilla a base offense level of 36, and a criminal history category of I in the PSI. The PSI noted that Asprilla met the safety valve criteria and he qualified for a reduction for acceptance of responsibility. This yielded a total offense level of 31. With a base offense level of 31 and a criminal history category of I, the guideline range was 108-135 months' imprisonment. Asprilla objected, in part, to the failure of the PSI to assign him a mitigating role reduction under U.S.S.G. § 3B1.2. He argued that he was simply a paid crewmember who had no proprietary interest in the drugs.

The district court denied the mitigation role reduction, finding all the defendants equally culpable. Although Asprilla alleged at sentencing that one of the other passengers served as the captain

or person in charge, none of the crewmembers admitted to that when they were arrested. Moreover, the evidence showed that Asprilla spoke with the Coast Guard at the initial interdiction. The district court properly concluded that there was not enough evidence to indicate that Asprilla was substantially less culpable than the average participant and, thus, the two-level reduction was not warranted. However, the district court did grant in part Asprilla's request for a variance. The district court sentenced him below the guideline range and varied one level to a 97-month sentence. We conclude that, in reviewing the evidence, Asprilla cannot show that the district court clearly erred because he engaged in essentially the same conduct as the other identifiable participants in the conspiracy. Accordingly, based on the aforementioned reasons, we affirm Asprilla's 97-month sentence.

**AFFIRMED.**